UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERGER ENTERPRISES,

        Plaintiff,                                 Civil Action No. 15-CV-10156

vs.                                               HON. MARK A. GOLDSMITH

ZURICH AMERICAN INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS THE COMPLAINT WITHOUT PREJUDICE (Dkt. 16) AND (2) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT (Dkt. 9)**

**I. INTRODUCTION**

Before the Court is Plaintiff Berger Enterprises' ("Berger") motion to voluntarily dismiss its Complaint (Dkt. 16) against Defendant Zurich American Insurance Company ("Zurich") for breach of contract and other claims. Berger's motion seeks a dismissal without prejudice; Zurich actively opposes any dismissal without prejudice. See Response (Dkt. 17). On July 27, 2015, the Court held a hearing on the matter, following which the Court took Berger's motion under advisement. For the reasons set forth below, the Court now grants Berger's motion and dismisses the Complaint without prejudice. Consequently, the Court also denies Zurich's previously filed and pending motion to dismiss (Dkt. 9) without prejudice, as moot.

**II. BACKGROUND**

The circumstances under which the present motion came about warrant a brief summary regarding the factual background of this case. This case arises out of a previous lawsuit filed by Berger against nonparty TolTest, Inc. ("TolTest") and Zurich, as surety for TolTest. See Berger Enter. v. Zurich Am. Ins. Co., 845 F. Supp. 2d 809 (E.D. Mich. 2012). That lawsuit concerned

1

events that allegedly occurred during a demolition project on a United States Air Force ("USAF") base, contracted by the United States Government, and on which TolTest was the general contractor. Id. at 811. Pursuant to the Miller Act, 40 U.S.C. § 3131(b)(2), TolTest issued "[a] payment bond . . . for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person." Berger, 845 F. Supp. 2d at 811, 814. As required by the statute, TolTest secured a surety for the payment bond — Zurich. Id. at 811. TolTest contracted with Berger to perform work on the demolition project. Id. Following completion of the project, Berger brought suit against TolTest and Zurich for what it believed to be additional compensation owed under the project due to various alleged delays, interference, and disruptions. Id. at 812.

The parties ultimately resolved that lawsuit through a settlement agreement. See Settlement Agreement, Ex. 5 to Compl. (Dkt. 1-6). The settlement agreement provided for, among other things: (i) a partial settlement payment; (ii) execution of a so-called "Pass Through Agreement"; (iii) a covenant not to sue, except under certain circumstances; and (iv) a mutual release of claims. See id. As described in the settlement agreement, the Pass Through Agreement set out terms and conditions under which TolTest was to sponsor a claim — prepared and financed by Berger — against the USAF for certain damages alleged by Berger in the underlying litigation. Id. ¶ 6; see also Pass Through Agreement, Ex. 6 to Compl. (Dkt. 1-7).

That settlement agreement and the associated Pass Through Agreement now form the basis for Berger's present action against Zurich, which alleges breach of contract, quantum meruit, and innocent misrepresentation. Berger's breach of contract claim is predicated on the fact that TolTest has filed for Chapter 7 bankruptcy, and, consequently, "has refused, and is otherwise unwilling, to sponsor and prosecute Berger's claim as required under the Settlement

2

Agreement and Pass Through Agreement." Compl. ¶¶ 16-17, 23. Berger further asserts that "TolTest's failure and refusal to sponsor and enforce Berger's claim against the USAF is a default and voids the covenant not to sue contained in the Settlement Agreement." Id. ¶ 24. Berger's claim for quantum meruit contends that its claim against the USAF has "substantial economic value," but cannot now be pursued due to TolTest's liquidation. Id. ¶ 30-31. As to both of these claims, Berger maintains that "Zurich remains liable to Berger pursuant to the terms and conditions of the Payment Bond that bind TolTest and Zurich jointly and severally for the payment of the work performed by the subcontractors, including Berger." Id. ¶¶ 25, 32. Berger's claim for innocent misrepresentation arises out of TolTest's and Zurich's alleged representations that they would sponsor and enforce Berger's claim against the USAF, which misrepresentations were allegedly made during the preparation and execution of the settlement agreement and Pass Through Agreement. Id. ¶¶ 36-43.

    In response to Berger's Complaint, Zurich filed a motion to dismiss (Dkt. 9). In advance of a hearing on Zurich's motion, the Court inquired about any settlement discussions between the parties. The Court learned that Berger had been in contact with TolTest, and that TolTest was reviewing Berger's claim to determine whether it could be submitted to the USAF. Shortly after that, TolTest, as required by the settlement agreement and the Pass Through Agreement, certified Berger's claim for submission to the USAF. See Pl. Br. at 4. The Court then adjourned the hearing on Zurich's motion to dismiss, to allow Berger to submit the claim. See 5/13/2015 Text-Only Order. In a conference with the Court and opposing counsel, Berger indicated its willingness to voluntarily dismiss the action without prejudice, as the claims process, which formed the basis for Berger's Complaint, had been initiated and appeared to be moving forward.

Berger then submitted its claim to the USAF. Pl. Br. at 4. However the USAF rejected the claim for lack of proper certification. Id. TolTest had certified the claim, but the USAF required certification by TolTest's bankruptcy trustee. Id. Berger then contacted the bankruptcy trustee to obtain the appropriate approval but has yet to receive a response. Id.[1] Nevertheless, Berger indicates that it remains amenable to dismissing its current Complaint, so long as the dismissal is without prejudice. Id. at 4-5.

### III. ANALYSIS

Federal Rule of Civil Procedure 41 governs the dismissal of actions. A plaintiff may voluntarily dismiss an action without a court order by filing (i) a notice of dismissal prior to the opposing party serving an answer to the complaint or a motion for summary judgment, or (ii) a stipulation of dismissal signed by the parties. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, an action may be voluntarily "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Berger argues that it is entitled to dismissal of the present action — without prejudice — under either prong of Rule 41(a). First, Berger contends that "the relatively short lifespan of this suit thus far, the justifiable explanation for Berger's requested voluntary dismissal, and the lack of a motion for summary judgment[ ] [make] any potential prejudice Defendant may face [ ] non-existent." Pl. Br. at 6. Berger further argues that dismissal without prejudice is necessary to protect Berger's rights under the settlement documents in the event the bankruptcy trustee does not certify Berger's claim to the USAF. Id. at 7. Alternatively, Berger maintains that it is still entitled to voluntarily dismiss the action through notice, and without a court order, as Zurich has

---

[1] At the time of the July 27, 2015 motion hearing, counsel for Berger had still not received a response from the trustee.

filed only a motion to dismiss, rather than an answer or a motion for summary judgment. Id. at 7-8.

In response, Zurich contends that, because Berger has already filed a prior federal court action on the same claim and dismissed that same action after the parties entered into the settlement agreement, any voluntary dismissal by notice is an adjudication on the merits and must be with prejudice. Def. Resp. at 8-9. Zurich also contends that any dismissal pursuant to a court order should be with prejudice, because it believes Berger's suit is time-barred, and because to permit Berger another opportunity to bring this same suit in the future would exacerbate the unfairness and prejudice already experienced by Zurich. Id. at 11-12.

As an initial matter, the Court need not address whether Berger has "previously dismissed any federal-[court] . . . action based on or including the same claim" as the one it brings now, such that a notice of dismissal is also an adjudication on the merits. See Fed. R. Civ. P. 41(a)(1)(B). Berger has also moved for voluntary dismissal pursuant to court order, and "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). In exercising that discretion, courts are to "consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id. The mere prospect of a second lawsuit does not entitle a defendant to defeat a plaintiff's request for voluntary dismissal; indeed, only upon a showing of "plain legal prejudice" is a district court absolutely required to deny the plaintiff's request. See id. ("Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal

5

without prejudice, as opposed to facing the mere prospect of a second lawsuit."). Taking into consideration the parties' arguments, the Court concludes that it is proper to dismiss the action, and to do so without prejudice.

The factors recited above counsel in favor of permitting Plaintiff to voluntarily dismiss the action. The litigation remains in its preliminary stages; Defendant has only filed a motion to dismiss, and the parties have not gone through the expense or exercise of any — let alone extensive — discovery. Defendant has not invested any efforts in preparing a motion for summary judgment or for trial. Moreover, Plaintiff has not been dilatory in prosecuting the action.

Dismissal is also justified because a settlement would render this litigation unnecessary. Each count in Berger's Complaint is predicated on Berger's inability to pursue a claim for damages arising out of the earlier demolition project against the USAF. According to its representations to the Court, Berger presently has prepared a claim, which has been certified by TolTest once already, and is ready for submission to the USAF. All that remains is for the claim to be certified by the bankruptcy trustee for TolTest's estate. Upon the trustee's certification and subsequent submission to the USAF, the premise underlying Berger's Complaint disappears, rendering this lawsuit moot. Thus, at this juncture, there appears to be ample opportunity for Berger to resolve its dispute short of litigation. Dismissing this action so that Berger may do so may conserve the use of judicial resources.

Zurich's objection — that a dismissal without prejudice will subject it to future harm — does not lead to a contrary conclusion. Zurich's chief complaint concerns the passage of time, which Zurich maintains will result in the "unavailability of witnesses and faded memories." Def. Resp. at 10-12. However, as Zurich itself recognizes, its remedy against this alleged danger is

the statute of limitations. See id. at 11 ("The purpose of the statute of limitations is for this exact situation – 'to promote fairness to defendants by preventing prosecution of stale claims and the loss of relevant evidence and by encouraging diligence by plaintiffs.'" (quoting Farrell v. Auto. Club of Mich., 870 F.2d 1129, 1134 (6th Cir. 1989))); see also Burnett v. New York Cent. R.R. Co., 380 U.S. 424, 428 (1965) ("Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" (quoting Order of R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348-349 (1944))); Agjunction LLC v. Agrian Inc., No. 14-CV-2069-DDC-KGS, 2015 WL 416444, at *11 (D. Kan. Jan. 30, 2015) ("[D]efendants argue that evidence or testimony could deteriorate by the time plaintiff refiles the claims in this lawsuit [but,] [a]s plaintiff points out, statutes of limitations are designed to prevent this very harm.").

If and when Berger chooses to file a subsequent suit, nothing bars Zurich from raising a statute of limitations defense at that time. If Zurich is unsuccessful in that defense, then, as a matter of law, Berger's claims are not stale, and Zurich's litigating position would be no different than if Berger had not filed the instant suit in the first place. Accordingly, the Court cannot agree with Zurich that the potential future harm warrants dismissing the instant suit with prejudice.

For similar reasons, Zurich's contention that TolTest's bankruptcy will make it "much more difficult, if not impossible," to find relevant witnesses, Def. Resp. at 11-12, is also unpersuasive. The underlying concern regarding TolTest's current bankruptcy is functionally equivalent to that underlying its concern about the passage of time — namely, the potential loss or weakening of evidence — which leads the Court to reach the same conclusion. Notably, in

the event of a future lawsuit, Zurich will not be forced to start from scratch; rather, Zurich has the benefit of possessing any and all discovery that was produced during the previous lawsuit, much of which may be relevant to a subsequent suit. Also, given that the underlying events revolved around a government contract, it is likely that the government will be an additional third-party source for records or documents that will assist Zurich in preparing for any future litigation. There is no indication that the evidence held by Zurich or the government is in danger of further deterioration or unavailability.

Accordingly, Zurich has not demonstrated that a motion to dismiss without prejudice will cause it to suffer "plain legal prejudice." Berger's motion is granted.

Because Berger's motion to dismiss its Complaint without prejudice is granted, the Court denies, as moot, Zurich's pending motion to dismiss. This denial is without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion (Dkt. 16) is granted, and Defendant's motion (Dkt. 9) is denied, as moot.

SO ORDERED.


Dated: August 21, 2015        s/Mark A. Goldsmith
       Detroit, Michigan      MARK A. GOLDSMITH
                              United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2015.

                              s/Carrie Haddon
                              Case Manager